**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Division: Fort Lauderdale
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.   09-32179-RBR |
| | Chapter   11 |
| THE HIDEAWAY MARINA | |
| LIMITED PARTNERSHIP, | |
| | |
| _____Debtor._____/ | |

**EXPEDITED MOTION TO AUTHORIZE TRUSTEE TO**
**(A) TERMINATE 401K AND PROFIT SHARING PLAN;**
**(B) REMOVE PIERRE GAUDREAU AS PLAN TRUSTEE; AND**
**(C) AUTHORIZE MARIKA TOLZ, TRUSTEE TO SELECT NEW PLAN TRUSTEE**

*(Expedited hearing is requested on or before January 19, 2010)*

Marika Tolz ("Tolz" or "Trustee"), the Chapter 11 Trustee of THE HIDEAWAY MARINA LIMITED PARTNERSHIP ("HMLP" or "Debtor") pursuant to 11 U.S.C. §§ 105(a), 1106(a)(1), 704(a)(11), hereby moves for the entry of an order authorizing but not directing the Trustee to terminate the 401K Hideaway Marina LP Retirement Plan and profit sharing plan known as the Hideaway Marina Retirement Plan (the "Plan"), take any other action required to administer and wind-down the Plan, remove the current Plan trustee, and authorize Tolz to select a new Plan trustee, and in support thereof, states as follows:

1. This case was commenced as a voluntary Chapter 11 proceeding on October 14, 2009 [DE: 1].

2. Creditors immediately filed for the appointment of a trustee because there was a prepetition receiver in place at the time of the filing.

3. On November 5, 2009, this court entered an order directing the appointment of a trustee [DE: 17], and on November 16, 2009, Tolz's appointment as Trustee was ratified by this Court [DE: 29].

4. The Debtor maintained a 401K known as Hideaway Marina LP Retirement Plan (the "Plan"). The Plan has been in existence for a number of years. As of July 31, 2008 the total Plan assets were about

$671,528.22. As of December 31, 2009, there were approximately 17 total participants with account balances. Each participant has a separate account at AXA Equitable, there has been no pooling of assets. HMLP was the administrator of the Plan within the meaning of the Employee Retirement Income Security Act of 1974. HMLP hired Levy & Associates ("Levy") as the third party administrator of the Plan. Levy's role is to assist the administrator in the day-to-day administration of the Plan. Pierre Gaudreau is currently the Plan's sole trustee.

5.  Pursuant to § 704(a)(11), which is made applicable to the Trustee by § 1106(a)(1), the Trustee shall "if at the time of the commencement of the case, the debtor (or any entity designated by the debtor) served as the administrator (as defined in section 3 of the Employee Retirement Income Security Act of 1974) of an employee benefit plan, continue to perform the obligations required of the administrator." Accordingly, by operation of law, the Trustee is now the administrator of the Plan.

6.  The Trustee is seeking authority to terminate the Plan and in connection with the termination take any required action, including but not limited to: (1) preparing and executing any required forms and documents; (2) obtaining governmental agency approvals, including but not limited to a favorable determination letter from the IRS with respect to the annual administration, amendments, if necessary and the termination of the Plan; (3) paying any and all costs, fees and expenses relating to the termination of the Plan, which are to be paid from Plan assets and allocated on a pro rata basis among Plan participants' accounts; (4) purchasing a Fidelity Bond in an amount deemed necessary by the Trustee; (5) paying to Levy the sum of $4,210.00 for services to the Plan for the period prior to December 31, 2009, plus future work in annual administration, amendments to the plan documents and the termination of the plan including the final tax return which are to be paid from Plan assets and allocated on a pro rata basis among Plan participants' accounts; and (6) paying any other costs relating to the Plan that may arise after December 31, 2009, which are to be paid from Plan assets and allocated on a pro rata basis among Plan participants' accounts.

7.  The Trustee also seeks an order from the Court allowing her in her sole discretion to remove

Pierre Gaudreau as Plan trustee and authorizing, but not directing, Tolz to select a new Plan trustee and to pay from Plan assets any fees and costs incurred in connection therewith (such fees and costs to be allocated on a pro rata basis among the Plan participants' accounts).

8. Trustee has asked for an expedited hearing because certain employees are requesting disbursement of their funds from the plan.

WHEREFORE, MARIKA TOLZ, TRUSTEE, prays that this Court enter an order:

(a) authorizing, but not directing, the Trustee to terminate the Plan and in connection with the termination take any required action, including but not limited to: (1) preparing and executing any required forms and documents; (2) obtaining governmental agency approvals, including but not limited to a favorable determination letter from the IRS with respect to the termination of the Plan; (3) paying any and all costs, fees and expenses relating to the termination of the Plan, which are to be paid from Plan assets and allocated on a pro rata basis among Plan participants' accounts; (4) purchasing a Fidelity Bond in an amount deemed necessary by the Trustee; (5) paying to Levy the sum of $4,210.00 for past and future services to the Plan for the period prior to December 31, 2009, plus future work necessary for annual administration, amendments to the plan documents and the termination of the plan including the final tax return which sum will be paid from Plan assets and allocated on a pro rata basis among Plan participants' accounts.

(b) removing Pierre Gaudreau as Plan trustee if the Trustee in her sole discretion deems this necessary and authorizing, but not directing, Tolz to select a new Plan trustee and to pay from Plan assets any fees and costs incurred in connection therewith (such fees and costs to be allocated on a pro rata basis among the Plan participants' accounts; and

(c) granting any further relief as this Court deems just and proper.

I HEREBY CERTIFY that a true copy of this motion was furnished to the parties set forth on the attached list, by the method stated, on this 5th day of January, 2010.

*I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with additional qualifications to practice as set forth in Local Rule 2090A .*

> REGGIE DAVID SANGER, P. A.
> Attorney for Trustee
> 208 S. E. 9th Street
> Fort Lauderdale, Fl.  33316
> Tel.  (954)463-8547 Fax: (954)463-8356
> By: */s/ Reggie David Sanger, Esquire*
>         Reggie David Sanger, Esquire
>         Florida Bar No. 231215

*Via ECF Notice:*

| | |
|---|---|
| Charles I. Cohen, Esq., for debtor | pmouton@furrcohen.com |
| Alvin S. Goldstein, Esq., for debtor | mmitchell@furrcohen.com |
| Frank Terzo, Esq., for Landmark Bank | frank.terzo@gray-robinson.com; jceide@grayrobinson.com; lnegron@gray-robinson.com, vking@gray-robinson.com |
| Mark S. Roher, Esq. for GE | mroher@adorno.com, mcalderon@adorno.com, mroher.ecf@rprslaw.com |
| Neale J. Poller, Esq. for Regions Bk | npoller@lbgslaw.com, jbaskerville@lbgslaw.com |
| Robert F. Reynolds, Esq., for S.Schuble | rreynolds@slatkinreynolds.com, imalcolm@slatkinreynolds.com |
| Hollie N. Hawn, Esq. for Broward Co. | hhawn@broward.org |
| Amy McGrotty, Esq. for Commerce Bank | bankruptcy@gmgrouplaw.com, amy@gmgrouplaw.com |
| Marika Tolz, Trustee | TolzECFmail@aol.com; mtolz@ecf.epiqsystems.com; Marikaecf@gmail.com; marikatolzecf@gmail.com |
| Denyse Heffner, Esq. for UST | Denyse.Heffner@usdoj.gov |
| Office of the US Trustee | USTPRegion21.MM.ECF@usdoj.gov |